# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| KATIE BROADT and CODY ZELLNER § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> SANTANDER CONSUMER USA, INC. § <br> AND DLT RECOVERY, LLC DBA § <br> HOOKED RECOVERY, § <br> Defendants. § | CIVIL ACTION NO. 1:18-cv-886 <br><br> **COMPLAINT** <br> Jury Trial Demanded |

## NATURE OF ACTION

1.      Plaintiffs, Katie Broadt and Cody Zellner, bring this action against Defendants Santander Consumer USA, Inc. ("Santander"), and DLT Recovery, LLC dba Hooked Recovery. ("DLT") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Texas Uniform Commercial Code, TEX. BUS. & COM. CODE § 9.101 *et seq*., and the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001 *et seq*.

## JURISDICTION, STANDING, AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

4.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to

1

identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7.     Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8.     "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

9. "To determine whether a particular collection practice violates the FDPCA, the Court 'must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.'" *Castro v. Collecto, Inc.*, 668 F. Supp. 2d 950, 959 (W.D. Tex. 2009) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

10. "The Fifth Circuit has explained the unsophisticated or least sophisticated consumer standard is meant to protect all consumers from abusive or deceptive collection practices and to protect debt collectors from consumers who misinterpret collection materials." *Id.* at 959-60.

## THE UNIFORM COMMERICAL CODE

11. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

12. Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

13. After a default, the UCC gives secured parties the right to repossess collateral. *See* TEX. BUS. & COM. CODE § 9.609.

14. There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if a secured party finds that it cannot get possession without committing a breach of the peace, it must stay its hand, and resort to the law. *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 (Tex. 1992).

15. This is so because the preservation of peace, "is of more importance to society than the right of the owner of a chattel to get possession of it." *Willis v. Whittle,* 82 S.C. 500, 64 S.E. 410 (1909); *see also Singer Sewing Mach. Co. v. Phipps,* 49 Ind.App. 116, 94 N.E. 793 (1911) (quoting 3 William Blackstone, Commentaries *4) ("[T]his natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

## THE TEXAS DEBT COLLECTION ACT

16. In 1973, the Texas State Legislature enacted the Texas Debt Collection Act to "control and curtail the practices used in the collection of debt" which the legislature viewed unethical and harassing to consumers. *See* House Comm. on Judiciary, Bill Analysis, Tex. S.B. 252, 63rd Leg., R.S. (1973).

17. Among the TDCA's requirements, any debt collector engaging in debt collection from consumers in the state of Texas must obtain a surety bond: "A third-party debt collector . . . may not engage in debt collection unless the third-party debt collector . . . has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section." Tex. Fin. Code § 392.101.

18. To further this purpose and to promote transparency and fairness, the TDCA further requires that: "A copy of the bond must be filed with the secretary of state." *Id*.

19. Like the FDCPA, the TDCA is a strict liability lawsuit which does not require proof of actual damages in order to recover statutory damages under the Act. *See Marauder Corp. v. Beall*, 301 S.W.3d 817, 822 (Tex. App. 2009).

4

## ASSAULT

20. To establish a prima facie claim for civil assault, the plaintiff must establish the same elements required for criminal assault. *See Moore's Inc. v. Garcia,* 604 S.W.2d 261, 264 (Tex.Civ.App.-Corpus Christi 1980, writ ref'd n.r.e.).

21. Under the Texas Penal Code, "assault occurs when a person intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." *Johnson v. Davis*, 178 S.W.3d 230, 240 (Tex. App. 2005) (citing Tex. Pen.Code § 22.01(a)(3)).

## PARTIES

22. Plaintiff, Katie Broadt, a natural person who at all relevant times resided in the State of Texas, County of Travis, and City of Lago Vista.

23. Ms. Broadt is allegedly obligated to pay a debt.

24. Ms. Broadt is a "consumer" as defined by 15 U.S.C. § 1692a(3) and TEX. FIN. CODE § 392.001(1).

25. Plaintiff, Cody Zellner, is natural person who at all relevant times resided in the State of Texas, County of Travis, and City of Lago Vista.

26. Santander is a company that regularly purchases consumer paper in the form of automobile loans.

27. Santander is a "secured party" as defined by TEX. BUS. & COM. CODE § 9.102(a)(73).

28. Santander is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

29. Santander is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

30. DLT is a Texas limited liability company that at all relevant times was acting as a repossession agent working at the behest of Santander.

31. At all relevant times, DLT was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

32. DLT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

33. On or about November 7, 2015, Ms. Broadt purchased a 2014 Ford Flex (the "Vehicle") from non-party Leo Martin Chevrolet.

34. Ms. Broadt purchased the Vehicle for her own personal family and household use.

35. The Vehicle constitutes "consumer goods" as defined by TEX. BUS. & COM. CODE § 9.102(a)(23).

36. Ms. Broadt could not afford to purchase the vehicle outright, so she financed the purchase.

37. In connection with the transaction, Ms. Broadt executed a loan agreement (the "Contract") in Leo Martin Chevrolet's favor.

38. After the Contract was executed, it was assigned to Santander.

39. As part of the Contract, Santander obtained a security interest in the Vehicle.

40. The Vehicle constitutes "collateral" as defined by TEX. BUS. & COM. CODE § 9.102(a)(12).

41. Thereafter, Ms. Broadt made her payments under the agreement to Santander.

42. Sometime later, Ms. Broadt allegedly fell behind in her payments.

43. Thereafter, Santander engaged its repossession agent, DLT to repossess Ms. Broadt's vehicle.

44. On or about April 3, 2018, at around midnight, DLT went to Ms. Broadt's home to repossess the Vehicle.

45. When DLT arrived at Ms. Broadt's home, she and her husband, Mr. Zellner, noticed DLT attempting to repossess her vehicle.

46. Mr. Zellner ran out and immediately confronted DLT's employee and protested the repossession loudly and vehemently.

47. DLT's employee disregarded his protests and continued with the repossession.

48. During the repossession, DLT's employee assaulted Mr. Zellner by intentionally crashing his tow truck into a vehicle occupied by Mr. Zellner.

49. Thereafter, on May 22, 2018, Santander sold the Vehicle.

50. Prior to selling the vehicle, Santander never sent Ms. Broadt the notice required by TEX. BUS. & COM. CODE § 9.611.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## DLT

51. Plaintiffs repeat and re-alleges each factual allegation contained above.

52. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

53. However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

54. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) ("[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.").

55. Mr. Zellner loudly, and unequivocally protested DLT's repossession.

56. Once Mr. Zellner protested DLT's repossession, DLT lost the right to continue with the repossession.

57. Nonetheless, DLT continued with its repossession and thereby breached the peace.

58. By continuing with its repossession after it lost the right to do so, DLT violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Ms. Broadt's property where the property was exempt by law from such dispossession.

WHEREFORE, Ms. Broadt prays for relief and judgment, as follows:

a) Adjudging that DLT violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Ms. Broadt statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Ms. Broadt actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Ms. Broadt reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Ms. Broadt pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT II
### VIOLATION OF TEX. BUS. & COM. CODE § 9.609(b)(2)
### SANTANDER

59. Plaintiffs repeat and re-allege each factual allegation contained above.

60. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

61. However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

62. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

63. Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992); *see also Doucette v. Belmont Sav. Bank*, No. ESCV20161596D, 2017 WL 2427566, at *2 (Mass. Super. Apr. 14, 2017); *Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Robinson v. Citicorp Nat. Servs., Inc.*, 921 S.W.2d 52, 55 (Mo. Ct. App. 1996); *Mauro v. Gen. Motors Acceptance Corp.*, 164 Misc. 2d 871, 876, 626 N.Y.S.2d 374, 377 (Sup. Ct. 1995); *Clark v. Assocs. Commercial Corp.*, 877 F. Supp. 1439, 1448 (D. Kan. 1994); *Hester v. Bandy*, 627 So. 2d 833, 843 (Miss. 1993); *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); *McCall v. Owens*, 820 S.W.2d 748, 752 (Tenn. Ct. App. 1991); *Massengill v. Indiana Nat'l Bank,* 550 N.E.2d 97, 99 (Ind. Ct. App.1990); *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *Gen. Fin. Corp. v. Smith*, 505 So. 2d 1045, 1047 (Ala. 1987); *Henderson v. Security Nat'l Bank,* 72 Cal. App.3d 764, 140 Cal. Rptr. 388, 390–91 (1977).

64. Santander's repossession agent, DLT, breached the peace by continuing its repossession in the face of Mr. Zellner's loud and unequivocal protest.

65. Santander violated TEX. BUS. & COM. CODE § 9.609(b)(2) when its repossession agent, DLT, breached the peace to repossess Ms. Broadt's Vehicle.

WHEREFORE, Ms. Broadt prays for relief and judgment, as follows:

  a) Adjudging that Santander violated TEX. BUS. & COM. CODE § 9.609(b)(2);

  b) Awarding Ms. Broadt statutory damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(2);

  c) Awarding Ms. Broadt actual damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(1);

  d) Awarding Ms. Broadt pre-judgment and post-judgment interest as permissible by law; and

  e) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF TEX. BUS. & COM. CODE § 9.611
## SANTANDER

66. Ms. Broadt repeats and re-alleges each factual allegation contained above.

67. Texas law requires secured parties to provide debtors written notice before repossessed collateral can be sold. TEX. BUS. & COM. CODE § 9.611.

68. Santander, through its agents, repossessed the Vehicle and later sold it.

69. However Santander never provided Ms. Broadt the notice required by TEX. BUS. & COM. CODE § 9.611.

WHEREFORE, Ms. Broadt prays for relief and judgment, as follows:

  a) Adjudging that Santander violated TEX. BUS. & COM. CODE § 9.611;

  b) Awarding Ms. Broadt statutory damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(2);

  c) Awarding Ms. Broadt actual damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(1);

  d) Awarding Ms. Broadt pre-judgment and post-judgment interest as permissible by law; and

  e) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF TEX. FIN. CODE § 392.301(a)(8)
## SANTANDER

70. Plaintiffs repeat and re-allege each and every factual allegation contained above.

71. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

72. However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

73. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

74. Mr. Zellner loudly, and unequivocally protested DLT's repossession.

75. Once Mr. Zellner protested DLT's repossession, it lost the right to continue with the repossession.

76. Nonetheless, DLT continued with its repossession and thereby breached the peace.

77. Secured creditors have a nondelegable duty when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral.

78. Santander's repossession agent, DLT, engaged in illegal conduct by continuing its repossession in the face of Mr. Zellner's loud and unequivocal protest.

79. As the secured creditor that hired DLT, Santander is liable for DLT's conduct.

80. Santander violated TEX. FIN. CODE § 392.301(a)(8) by taking—through its agent DLT—an action prohibited by law in connection with the collection of Ms. Broadt alleged debt.

WHEREFORE, Ms. Broadt prays for relief and judgment, as follows:

a) Adjudging that Santander violated TEX. FIN. CODE § 392.301(a)(8);

b) Awarding Ms. Broadt injunctive relief pursuant to the TDCA;

c) Awarding Ms. Broadt actual damages pursuant to the TDCA;

d) Awarding Ms. Broadt reasonable attorneys' fees and costs incurred in this action;

e) Awarding Ms. Broadt any pre-judgment and post-judgment interest as permissible by the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### ASSAULT
### BOTH DEFENDANTS

81. Plaintiffs repeat and re-allege each and every factual allegation contained above.

82. During the repossession, DLT's employee intentionally crashed his tow truck into a vehicle occupied by Mr. Zellner.

83. This conduct constitutes assault under Texas law. *See* TEX. PEN. CODE § 22.01(a)(3).

84. Secured creditors have a nondelegable duty when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who commit

torts in the course of repossessing secured collateral. *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992).

85. Santander's repossession agent, DLT, assaulted Mr. Zellner in the process of repossessing the Vehicle on Santander's behalf.

86. As the secured creditor that hired DLT, Santander is liable for DLT's conduct.

WHEREFORE, Mr. Zellner prays for relief and judgment, as follows:

a) Adjudging that DLT assaulted Mr. Zellner;

b) Adjudging that Santander as the secured party that hired DLT, is liable for DLT's assault;

c) Awarding Mr. Zellner actual damages;

d) Awarding Mr. Zellner punitive damages; and

e) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

87. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: October 17, 2018

                                              Respectfully submitted,

                                              /s/ Russell S. Thompson IV
                                              Russell S. Thompson IV
                                              Thompson Consumer Law Group, PLLC
                                              5235 E. Southern Ave. D106-618
                                              Mesa, AZ 85206
                                              Telephone:   602-388-8898
                                              Facsimile:    866-317-2674
                                              rthompson@ThompsonConsumerLaw.com